UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RENDELL JONES, :
:
    Plaintiff : No. 3:CV-14-1091
:
v. : (Judge Nealon)
:
CUMBERLAND COUNTY PRISON, :
et al., :
:
    Defendants :

**MEMORANDUM**

## BACKGROUND

Plaintiff, Rendell Jones, an inmate at the Cumberland County Prison, Carlisle, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Along with the filing of his complaint, Plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 6). Named as Defendants are the Cumberland County Prison and Prime Care Medical, Inc. For the reasons set forth below, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff will be given an opportunity to file an amended complaint.[1]

---

[1] Section 1915(e)(2) provides that:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

(continued...)

In deciding whether a complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Also, factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. Ashcroft v. Iqbal, 556 U.S.662, 677 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Plaintiff states that on August 5, 2013, he started to keep track of his request slips that he got from medical because "it was the second time that they told [him] that he would be seen and it didn't happen." (Doc. 1 at 3).

---

[1](...continued)
determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff states that on September 16, 2013, he "wrote another request form asking when will [he] be seen because they didn't call [him] down again" and they told him that he would be seen. Id.

On October 15, 2013, Plaintiff wrote the medical department "again asking when will [he] be call down for S.T.D./H.I.V. testing that [he] had been requesting since July 2013. (Doc. 1 at 4). He claims that "they inform[ed] [him] that testing is done at the tend of the month" and "when the end of the month came, [he] was never seen." Id.

On November 4, 2013, Plaintiff wrote to the Deputy Warden of Treatment, who Plaintiff states "wrote back saying [he] will be given an H.I.V./AIDs test, but still to this day nothing has been done about his S.T.D. test." Id.

In the instant action, Plaintiff seeks to have the Court "help [him] get the correct S.T.D. testing done", as well as "a million dollars" in damages. Id.

**Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978); see also Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977) (holding that the parole board could not be sued because it is not a person within the meaning of § 1983). A prison or correctional facility is not a "person" within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, 1995 WL 92370, *1 (E.D. Pa. 1995). It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." Fischer, 474 F.2d at 992; see also Thompkins v. Jane Doe, No. 99-3941, slip op. at 2-3 (3d Cir. March 16, 2000); Stanley v. Delaware Co. Medical Dept., 1991 WL 29928 *1 (E.D. Pa. 1991) (concluding that the prison medical department is clearly not a person for purposes of § 1983).

Pursuant to the above standards, Cumberland County Prison and Prime Care Medical Inc. are not persons and may not be sued under § 1983. By only naming the Prison and the Medical Department, Plaintiff has failed to allege that a person acting

under color of state law violated his constitutional rights, and has, therefore, failed to set forth a cognizable claim under 42 U.S.C. § 1983. See Burgess v. SCI-Medical Facility, Civ. No. 96-0636, slip. op. at p. 2 (M.D. Pa. May 9, 1996) (Vanaskie, J.). Accordingly, these Defendants will be dismissed with prejudice.

In the context of medical care, the relevant inquiry is whether the defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element), Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), and the plaintiff must meet these requirements. Here, Plaintiff has failed to specifically identify a properly named Defendant and indicate how such Defendant was deliberately indifferent to his medical needs, and more importantly, to what serious medical need was he indifferent.

However, it appears that Plaintiff, in an amended complaint, may be able to name a proper defendant and to better describe any personal involvement in the alleged misdeed. Notably, an amended complaint may be filed once as of right before an answer is filed. See FED. R. CIV. P. 15. Here, it is necessary and important to allow Plaintiff to amend his complaint so that the issues raised in this litigation may be decided fully on their merits. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981); Kauffman v. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert.

denied, 400 U.S. 846 (1970). Thus, Plaintiff's conclusory claims of denial of medical treatment may be amended under penalty of dismissal. If no proper amended complaint is filed within the prescribed time, this action may be dismissed.

The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198. Federal Rule of Civil Procedure 8(a) requires that a complaint consist of a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. The short, plain, and concise statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'." Leatherman v. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A separate Order will be issued.

Dated: October 21, 2014

                                                  **United States District Judge**