UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RENDELL JONES, :
:
    Plaintiff : No. 3:CV-14-1091
:
v. : (Judge Nealon)
:
CUMBERLAND COUNTY PRISON, :
et al., :
:
    Defendants :

FILED SCRANTON
NOV - 6 2014
PER _____ DEPUTY CLERK

**MEMORANDUM**

## BACKGROUND

On June 5, 2014, Plaintiff, Rendell Jones, an inmate formerly confined in the Cumberland County Prison, Carlisle, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Along with the filing of his complaint, Jones submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 6). Named as Defendants are the Cumberland County Prison and Prime Care Medical, Inc.

By Memorandum and Order dated October 21, 2014, this Court dismissed Plaintiff's complaint against Defendants Cumberland County Prison and Prime Care Medical for failure to state a claim, and granted Plaintiff an opportunity to file an amended complaint within twenty-one (21) days of the Order. (Doc. 10).

On October 31, 2014, this Court's October 21, 2014 Order, served on Plaintiff at the Cumberland County Prison, was returned as undeliverable. See (Doc. 11). A subsequent telephone inquiry to the Cumberland County Prison by this Court revealed that Jones was released on August 14, 2014. For the reasons set forth below, Plaintiff's action will be dismissed for failure to prosecute.

**Discussion**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, district courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for

the trial court to dismiss a claim." <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." <u>Poulis</u>, 747 F.2d at 870.

A <u>pro se</u> plaintiff has the affirmative obligation to keep the court informed of his address. <u>See</u> M.D. Pa. L.R. 83.18 (stating that an unrepresented "party shall maintain on file with the clerk a current address" and "[s]ervice of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party"). Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Jones' last communication with this Court was the filing of his motion to proceed <u>in forma pauperis</u>, on June 30, 2014. (Doc. 6). Jones has not communicated with the Court since the filing of this motion. The record clearly indicates that he has been released from the Cumberland County Prison. Thus, it is reasonable to conclude that Jones has abandoned this suit. <u>See</u> <u>Figueroa v. United</u>

States, 2013 U.S. Dist. LEXIS 128124, *3-4 (M.D. Pa. 2013) (Jones, J.) (determining that the plaintiff's failure to maintain a current address shows that he abandoned the litigation and finding that the <u>Poulis</u> factors weighed in favor of dismissal). Consequently, because Plaintiff's dilatoriness outweighs any other <u>Poulis</u> factors, this action will be dismissed.

    A separate Order will be issued.

Dated: November 6, 2014

*[signature]*
**United States District Judge**